UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANIEL FABIAN-POMA,

                Petitioner,

    -against-

BRIAN MCAULIFFE,

               Respondent.
-------------------------------------------------------------X

FILED
CLERK
3:29 pm, Sep 30, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
20-CV-2583 (GRB)

**GARY R. BROWN, United States District Judge:**

Petitioner Daniel Fabian-Poma ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence for two counts of Rape in the First Degree in the Supreme Court of the State of New York, County of Suffolk (the "trial court"). On this petition, Petitioner raises several claims as follows: [1]

- Denial of youthful offender status

- Harsh and excessive sentencing

- Ineffective assistance of defense counsel based upon:

    (1) failure to obtain discovery from the prosecution;

    (2) failure to request a *Huntley/Dunaway* hearing;

    (3) failure to interview the victim or verify her age;

    (4) failure to advise regarding possible defenses; and

    (5) improperly advising Petitioner to plead guilty.

---

[1] Petitioner incorporates by reference the claims raised in both his Appellate Brief and § 440.10 motion by alleging in his petition that the decisions by the Appellate Division and the Suffolk County Supreme Court, respectively, were contrary to, or an unreasonable application of, clearly established federal law, and were further based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (Pet., at 6-7.)

1

- Actual innocence

Because each of these claims is procedurally barred and/or substantively without merit, and because none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition is denied.

## I. FACTUAL BACKGROUND

A review of the petition, filings by the Respondent and the state court record reveals that the Petitioner was convicted, by guilty plea, of two counts of Rape in the First Degree, in violation of Penal Law §§ 130.35(1) and 130.35(3). During his plea allocution, Petitioner stated, under oath, that on or about February 1, 2016 and February 29, 2016 he engaged in sexual intercourse, by forcible compulsion, with a ten-year-old female child. As part of his guilty plea, Petitioner waived of his right to appeal, and, also under oath, stated that his waiver was knowing, intelligent, and voluntary. *See* Plea Tr., DE 9-1, at 5-18.

Following the guilty plea, Petitioner was sentenced to eight years imprisonment with fifteen years post-release supervision, which was the sentence promised in exchange for his guilty plea. *See* Sentencing Tr., DE 9-1.

The petitioner pursued an appeal in the state court system; the Appellate Division affirmed Petitioner's judgment of conviction, and found that Petitioner knowingly, intelligently, and voluntarily waived his right to appeal, thereby precluding appellate review of his claims that the trial court improvidently exercised its discretion by denying Petitioner youthful offender treatment, and that his sentence was excessive. *People v. Fabianpoma*, 176 A.D.3d 1099, 1099-1100, 108 N.Y.S.3d 882, 882-83 (2019), *leave to appeal denied*, 34 N.Y.3d 1158, 142 N.E.3d 1136 (2020). The Petitioner also filed a C.P.L. § 440.10 motion, seeking to vacate his judgment of conviction

on the grounds that he was denied effective assistance of counsel, which was denied.[2] (*People v. Fabianpoma*, Dec. and Order, (Sup. Ct. Suffolk County, June 12, 2018), D.E. 9-1).

## II. DISCUSSION

### A. Standard of Review

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and Brady violations, and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

### B. The Instant Petition

As noted, petitioner seeks habeas relief on the following grounds: (1) denial of youthful offender status; (2) harsh and excessive sentencing; (3) ineffective assistance of counsel; and (4) actual innocence. Even according the petition the solicitous treatment afforded to *pro se* pleadings, none of the grounds support habeas relief. Some are rooted in state law rights that are simply not

---

[2] The Suffolk County Supreme Court found that Petitioner's valid waiver of his right to appeal precluded review of his ineffective assistance of counsel claim, except to the extent that the alleged ineffectiveness affected the voluntariness of his guilty plea. The Supreme Court held that "in light of the advantageous plea, the defendant has failed to raise any issue related to effective assistance of counsel at the plea" and "[a]ny remaining issues are insufficient to raise any issue of fact requiring a hearing or waived by the plea and waiver of the right to appeal." (*People v. Fabianpoma*, Dec. and Order, (Sup. Ct. Suffolk County, June 12, 2018), at p. 1) (internal citations omitted).

cognizable on a habeas petition and/or were denied based upon an independent and adequate state law ground,[3] including claims regarding youthful offender treatment,[4] excessive sentence,[5] and ineffective assistance of counsel claims on the grounds that counsel (1) failed to obtain discovery; (2) failed to request a *Huntley/Dunaway* hearing; (3) failed to interview the victim; and (4) failed to advise regarding possible defenses.[6] To the extent that factually-based claims were fully considered by the state court, such determinations must be given deference by this Court under the AEDPA. (*People v. Fabianpoma*, Dec. and Order, (Sup. Ct. Suffolk County, June 12, 2018)). Petitioner cannot proceed on claims that are were not fully exhausted and hence subject to the procedural bar,[7] as Petitioner has failed to demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the

---

[3] "A valid waiver of the right to appeal is an adequate procedural ground barring federal review of petitioner's claims because this rule is firmly established and regularly followed." *Jacobs v. Demars*, No. 13-CV-3684, 2014 WL 3734323, at *6 (E.D.N.Y. July 30, 2014) (citation omitted).

[4] Even if the Court were to reach the merits of Petitioner's youthful offender status claim, "[t]he decision whether to grant youthful offender status to an eligible youth generally 'lies within the sound discretion of the sentencing court.'" *People v. Victor J.*, 283 A.D.2d 205, 206 (1st Dep't 2001) (citation omitted). "The granting or denial of youthful offender treatment is analogous to that of sentencing where courts have wide discretion even though there are few or no statutory guidelines for the exercise of such discretion." *United States ex rel. Frasier v. Casscles*, 531 F.2d 645, 647 (2d Cir.1976) (citations omitted). "[I]t is well established that the United States Constitution grants no independent due process right either to youthful offender treatment or to any particular procedure for denying it, so long as the trial judge imposed a sentence that was lawful under state law...." *Auyeung v. David*, No. 00-CV-1353, 2000 WL 1877036, at *3 (S.D.N.Y. Dec. 26, 2000) (citing *Frasier*, 531 F.2d at 647–48)).

[5] "It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." *Cardova v. Lavalley*, 123 F. Supp.3d 387, 398 (E.D.N.Y. 2015); *see also Dixon v. Lee*, No. 14-CV-7162, 2017 WL 4402439, at *9 (E.D.N.Y. Sept. 29, 2017) (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)).

[6] "A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996); *see also Brown v. Lee*, No. 14-CV-5354, 2017 WL 4233034, at *5 (E.D.N.Y. Sept. 25, 2017) (collecting cases). Rather, he can only challenge "whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel." *Coffin*, 76 F.3d at 497–98; *see Brown*, 2017 WL 4233034, at *5.

[7] There is a split of authority amongst district courts in the Second Circuit over whether the failure to seek leave to appeal the denial of a § 440.10 motion renders the claims therein to be deemed exhausted, but procedurally barred. *See Small v. Diforilo*, No. 12-CV-5583, 2016 WL 9737929, at *19 (S.D.N.Y. Sept. 9, 2016) (report and recommendation), *adopted sub nom. Small v. Chappius*, No. 12-CV-5583, 2017 WL 4342132 (S.D.N.Y. Sept. 28, 2017) (discussing split of authority). In any event, Petitioner's ineffective assistance claims and actual innocence claim are meritless and/or do not warrant habeas relief.

4

claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner's actual innocence claim fails because his argument is not based on new reliable evidence, nor is it credible or compelling.[8] Finally, Petitioner cannot demonstrate deficient performance nor prejudice to substantiate his claim of ineffective assistance of counsel on the grounds that counsel misadvised him to plead guilty, and, as such, his claim does not warrant relief.[9]

Thus, the petition is denied in its entirety.

---

[8] An "actual innocence claim plays a 'procedural, not substantive' role in [a habeas] case." *Hyman v. Brown*, 927 F.3d 639, 655 (2d Cir. 2019) (quoting *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012)). "[A] claim of actual innocence must be both 'credible' and 'compelling.'" *Id*. (quoting *House v. Bell*, 547 U.S 518, 521, 538 (2006)); *see also Amin v. Hulihan*, No. 10-CV-2293, 2016 WL 6068128, at *5 n.6 (E.D.N.Y. Oct. 13, 2016) ("A claim of actual innocence must be supported by 'new reliable evidence' and is therefore 'rarely successful.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "For the claim to be 'credible,' it must be supported by 'new reliable evidence—-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Rivas*, 687 F.3d at 541 (quoting *Schlup*, 513 U.S at 324). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'" *Id*. (quoting *House*, 547 U.S. at 538); *see also McQuiggin*, 569 U.S. at 385, 395, 399. Further, Petitioner's claim that the victim was twelve-years-old at the time of the incidents is refuted by the record, including Petitioner's confession under oath, and documents demonstrating that the victim's date of birth is March 25, 2005.

[9] The Supreme Court has held that to evaluate whether a guilty plea was involuntary or unknowing, "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see also U.S. v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001). "A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores–Ortega*, 528 U.S. 470, 476-77, (2000) (quoting *Strickland*, 466 U.S. at 688). The state court's view that Petitioner's plea was advantageous is factually sound. Here, the record demonstrates that defense counsel negotiated a lower jail sentence on behalf of Petitioner. *See* Plea Tr. at 3-5. Securing an advantageous plea does not constitute deficient performance, and, as such, the state court's ruling is not an unreasonable application of *Strickland*. Further, Petitioner stated under oath that he discussed the plea with his attorney, he had sufficient time to speak with his attorney, and he was satisfied with the manner in which his attorney represented him. *See* Plea Tr. at 6. *See Padilla v. Keane*, 331 F.Supp. 209, 217 (S.D.N.Y.) ("Where a defendant ... has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on the defendant's sworn statements and hold him to them.").

## IV. CONCLUSION

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: September 30, 2021
         Central Islip, New York

                                                          _____
                                                          HON. GARY R. BROWN
                                                          UNITED STATES DISTRICT JUDGE